We'll begin by hearing argument in Morro v. Commissioner of Social Security. Your Honor, I have debilitating stage 4 breast cancer, which started June 30, 2013. Therefore, doctors... I hope we can make it a little more comfortable for you. We'll stop the clock running for a second and just the officer will help lower that podium so you're not having to reach up so high. There you go. However, is that good? Is that better? Okay. Start over, Your Honor. I have debilitating stage 4 breast cancer, which started June 30, 2013. There are four doctor's letters that state that this metastatic cancer started more than a year and a half earlier than when I was actually diagnosed, when I had a seizure on December 2014. I have lymphedema also, which is caused by the breast cancer. I also have skin discomfort, discoloration on the breasts, and bleeding at times, which can lead to infection from the open wound. I cannot work more than 12 months in a row for the following reasons. I have extreme fatigue. I cannot multitask. Irritability causes confusion. My both arms are swollen with the lymphedema. There's heaviness in my arms and chest aches and pains. I must wear compression garments to circulate the lymphedemic fluid, which I'm wearing, and I also have here, if you need to look. I have a compression machine, which I have to use twice a day. This is the booklet for it. And the administrative law judge ignored all of this and said I can perform work tasks. But I'm unemployable because I need to have more than 20%. I don't meet that amount of time ratio. That would be 75% or less, which is page 12 of the brief is what I'm referring to. The medications I take have many side effects that include diarrhea, dizziness, fatigue, headaches, confusion, bone pain. I need to nap over the course of the day for hours at times, dehydration. I need the cane when I have the weakness, and I keep changing the meds because eventually they fail to combat the cancer. I've suffered hair thinning from the radiation, and I'm having financial difficulty now from it. And if I cannot be granted disability, my husband is also disabled. So if I can somehow pay the back, I think they call it, I receive something through his, I'd appreciate it. What else? Ms. Morrow, you understand that we're here reviewing what the district court, how the district court ruled, and the district court's reviewing how the Social Security Administration ruled. As I understand it, the administrative law judge before whom you had a hearing determined that you weren't insured within the meaning of the Social Security Act, that you weren't a Social Security insured person at the time of the onset of your disease, which we certainly understand is very serious. Can I request that they go further back, like 15 years, that I would qualify then? I have money in the system from, I was working from when I was 18, and they cut all of that out, and they just started from a shorter period of time, which was when I was already ill. So that's why I eventually had to keep slowing down and cutting hours, and that's how I couldn't go to the doctor because I didn't have any financial means, days off. All this added up and took its toll, and then that's how I got the seizures, which caused a slowing of my heart because of the seizure and the cancer. You reserved one minute for rebuttal. My hands aren't as nimble as they used to be, which affects the kind of job. I was an administrative assistant, and everything was the upper body, the arms. So it put a stop to everything I could do to earn a living. We have your arguments, and we've read your papers, and you have another minute to rebut the Social Security Administration's attorney after she has had a chance to argue. Okay. They can even see the discoloration, if necessary, if they want to view. Right. Is that on my back? Sorry. Just so you understand, Ms. Morrow, the issue is not whether you're disabled now. We understand that, and I'm very sorry for your condition and your illness, but no one doubts that you are disabled today. The question is whether you became disabled at a time that you were still insured under the Social Security Act, and that's the issue in the case. And as I understand it, I don't think there's any dispute that the cancer was present before that date, but there's not been the issue that the Social Security Administration relied on was that there was not evidence that you were physically disabled before the date in 2013 when the insurance ran out. And that's what the issue is that's before us, I'm afraid. So I wouldn't even be able to collect under my husband by way of my husband's disability? I have no idea, frankly, because I don't know that that issue was even raised in the Social Security Administration. It's something we can look into or ask your opposing counsel about, but if that issue is not really before us, our job is to review the decisions that were made in the court, the district court, and before that in the Social Security Administration. If they didn't rule on something, if it wasn't presented to them, then we have no record and no information about your husband's account, for example. That, as far as I know, anyway, and we'll see what they have to say about that. Well, so they didn't allow him in the courtroom that day, which under law they should have, but the security guard at the office wouldn't allow him in, and they just allowed me in, so he couldn't. We'll hear about that from the other side as well. Okay. Thank you. Thank you. And you'll have another minute to speak with us. Ms. Baird? May it please the Court, my name is Susan Baird. I'm an assistant U.S. attorney in the Southern District of New York. I represent the Commissioner of Social Security. The Commissioner's decision that Morrow did not demonstrate disability prior to her date last insured is supported by substantial evidence and should be affirmed. The evidence showed that Morrow's date last insured was September 30, 2013, and that she was diagnosed and treated for breast cancer beginning in December 2014, 15 months after her insured status expired. She never sought treatment or reported any symptoms related to breast cancer prior to December 2014. Excuse me. Am I wrong, Ms. Baird, that whether or not cancer was present before June 2013 is not the issue, that the issue is whether Ms. Morrow was disabled before that period? That's correct, Your Honor. Because there is evidence in the record, at least in the form of opinion testimony by doctors, and it certainly seems plausible to me that if her condition was as advanced as it was when it was diagnosed, that there was a reasonable medical opinion, anyway, that the cancer was present in her body for a considerable period before that. But I take it that's not the question. The question is whether whatever illness she had, whatever was happening in her body, if it did not make her disabled, then she would not be eligible for disability benefits. You're right, Your Honor. A claimant who applies for Social Security benefits has the burden of proving disability, which means an inability to perform substantial gainful activity as of their date last insured. As of the time they weren't. That's right. That's right. And I would point out that the evidence that's in the record as to whether or not the cancer existed prior to her date last insured is equivocal. Her oncologist gave an opinion that it was entirely possible that the cancer existed. Well, I understand that there's evidence on both sides, but as I understand it, the administrative law judge did not make and did not need to make a ruling about whether there, on balancing that evidence, Ms. Morrow's cancer was present. The issue that the judge ruled on and the issue that's relevant is when she became disabled. Yes, you're right, Your Honor. And Ms. Morrow asked about her husband's account. Is it the case that disability insurance, unlike, for example, survivorship benefits and retirement benefits, are personal? I mean, is there any way in which she could be eligible under her husband's account for disability benefits? Your Honor, of course I can't speak to her husband's account individually, but in general, a wage earner who's entitled to disability benefits may have an ability to get an extra benefit for a spouse or dependent children. Who is disabled or just in general? Just in a spouse or children who are dependent on the wage earner. They get dependence benefits. That's right. It's possible, but there are certain rules for that. I understand, and am I correct also that, at least as far as I'm aware from my review of the record, there was no application of that sort? That is, there was no application by Mr. Morrow for benefits for his wife on his account? There's no discussion at all in the record of Mr. Morrow's receipt of benefits or any application he made. This case involves only Ms. Morrow's application. Okay, so that's not before us. You know, one of the things that, you know, it's not our job to be lawyers or advocates for the people who appear before us. At the same time, when there are possibilities, and I'm not suggesting that it could be anything more than a possibility. I didn't even know until I asked you whether there is any possibility of some application that Mr. Morrow could make. Is there any way in which you or someone from the Social Security Administration could at least give them some idea of what applications might be available to them to make? Your Honor, what I'd be happy to do after this argument is over is give Ms. Morrow a telephone number of the Social Security Administration that she could call to make that inquiry. Okay, and is there some way that we can make sure that's not the inquiry like when you call the IRS and you're on hold for an hour and a half? I mean, is there some way you can get like a real number, not just the number that, you know, the general public would be frustrated by? Well, what I'd be happy to do is if Ms. Morrow has some difficulty in getting through to the right person, to remind her of my personal office phone number where she can follow up. Okay, and you'd be able to follow up in some way with the Social Security Administration? Yes. And again, I'm not suggesting, you know, I have no idea whether there is any availability there. But we sometimes see in these cases that people come to us with appeals where already there's, you know, there's no doubt as to how that appeal is going to turn out. But sometimes it's even apparent. This is not apparent to me here, but sometimes it's apparent that the person has pushed the wrong button and made the wrong application, and there is some other benefit that's rather obviously available. I don't suggest that's the case here. But, you know, often our orders and opinions try to make the point at the end, okay, you don't get this, but there is some possibility you could get that if it's properly applied for, but that's for another day and perhaps unfortunately another administrative wrangle to start all over again at the beginning. But I appreciate your willingness to be of assistance. I have one more suggestion for Ms. Morrow that I can also discuss with her later, and that is her suggestion that she now has financial difficulty, that she could apply for SSI, which does not have an insured status requirement. Thank you. Thank you. I was going to ask you about that, and you anticipated that, so thank you very much. We would ask the court to affirm the district court's decision below. Thank you. Thank you, Ms. Baird. Ms. Morrow, is there anything else you would like us to consider? You've heard Judge Lynch's questions and you've heard Ms. Baird's offer to provide you some mechanism for making further inquiry. Well, yes, Your Honor, the oncologist mentioned from the beginning that as it went on, it would become more and more visible, the illness, and that in the early stages, they don't know at this point because it's inflammatory and there's no lump. It's cells that have affected, and that's why at the time it didn't seem as severe, and that's why I wouldn't know that I have it until that day when all the cells came together and caused the pressure on my brain because it went to the skull, and that's what caused the seizure. They learned from people like me that live that some people don't make it, and that's why they don't know so much about inflammatory breast cancer. We certainly, as Judge Lynch has indicated already on his own behalf, but we certainly understand your situation now, so we hope that there is some possibility for your making further inquiry, and perhaps there's something else that can be done. Thank you very much for being here and presenting your argument, Ms. Baird. Thank you so much for being here as well. We'll reserve decision in this case and get you a decision fairly shortly.